## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## PHILIDELPHIA DIVISION

|  |  |  |
|---|---|---|
| PAUL CICCOTTO, | : | Hon. Michael M. Baylson, U.S.D.J. |
| Plaintiff, | : | Civ. Action No. 2:23-cv-04069-MMB |
| v. | : |  |
| AXIOM BANK NATIONAL ASSOCIATION, | : |  |
| Defendant. | : |  |

**DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, AXIOM BANK NATIONAL ASSOCIATION'S ("Defendant"), by and through its undersigned attorneys, for its Answer and Defenses to Plaintiff's complaint in this action (PACER Docket Entry No. 1; the "Complaint"), states as follows:

**AS TO "THE PARTIES"**

1. Defendant is without knowledge as to Plaintiff's current residence and therefore, denies that allegations. Defendant admits the remaining allegations in Paragraph 1 of the Complaint.

2. Defendant admits the allegations in Paragraph 2 of the Complaint.

3. Defendant states Ross Breunig is its Chief Executive Officer ("CEO"). Defendant admits the remaining allegations in Paragraph 3 of the Complaint.

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

5. Defendant admits it hired Mr. Ciccotto with a principal residence in Pennsylvania. Defendant also admits it paid state employment taxes in Pennsylvania. Defendant denies the remaining allegations and inferences in Paragraph 5 of the Complaint.

## AS TO "JURISDICTION AND VENUE"

6. For the sole purpose of jurisdiction, Defendant admits the allegations in Paragraph 6. Defendant denies any violation of 28 U.S.C. § 1331 or that Plaintiff is entitled to any relief whatsoever.

7. Defendant states that the allegations in Paragraph 7 of the Complaint call for a legal conclusion that requires no response. To the extent a response is required, Defendant denies the allegations. Defendant also specifically denies that it engaged in any tortious acts or any other violation of law.

8. Defendant denies that venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(3) as there are other United States District Courts which may hear this action and which are more convenient. Defendant has filed a motion to transfer this case to the Middle District of Florida, where Defendant is headquartered and where the acts that form the basis of the complaint arise, concurrently with the filing of this Answer.

## AS TO "FACTUAL ALLEGATIONS"
### Mr. Ciccotto's Employment with Axiom Bank

9. Defendant admits it extended an offer of employment for the role of Executive Vice President of Business Transformation to Mr. Ciccotto, who started on or about December 6, 2021, and his title later changed to Chief Administrative Officer in February 2023. Defendant denies the remaining allegations and inferences in Paragraph 9 of the Complaint.

10. Defendant admits the allegations in Paragraph 10 of the Complaint.

## Mr. Ciccotto Raises Concerns Related to Axiom Banks' Unlawful Practices

11. Defendant is without sufficient information or knowledge to form a belief as to the truthfulness of when and with which of Defendant's practices Mr. Ciccotto became uncomfortable, and therefore denies this allegation. Defendant states the remaining allegations in Paragraph 11 of the Complaint call for a legal conclusion to which no response is required and, to the extent a response is required, Defendant denies the allegations and inferences contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations and inferences in Paragraph 12 of the Complaint.

13. Defendant denies the allegations and inferences in Paragraph 13 of the Complaint.

14. Defendant denies the allegations and inferences contained in Paragraph 14 of the Complaint.

## Axiom Bank Retaliates Against Mr. Ciccotto

15. Defendant denies the allegations and inferences contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations and inferences contained in Paragraph 16 of the Complaint.

17. Defendant is without sufficient information and knowledge to form a belief as to the truthfulness of the allegations contained in Paragraph 17 of the Complaint and, therefore denies the allegations and inferences contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations and inferences contained in Paragraph 18 of the Complaint.

19. Defendant admits it separated Ciccotto, Wesley Ward, George Panos and Raamie Ibrahim along with other employees as part of a reduction in force. Defendant denies the remaining allegations and inferences in Paragraph 19 of the Complaint.

20. Defendant denies the allegations and inferences contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations and inferences contained in Paragraph 21 of the Complaint.

22. Defendant states that the allegations contained in Paragraph 22 of the Complaint call for a legal conclusion to which no response is required and, to the extent a response is required, Defendant denies the allegations and inferences contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations and inferences contained in Paragraph 23 of the Complaint. Defendant further denies that Mr. Ciccotto is entitled to any relief or damages sought whatsoever.

### AS TO "COUNT I"
**(Breach of Contract)**

24. Defendant re-alleges and incorporates its responses to Paragraphs 1-23 of the Complaint as if set forth fully herein.

25. Defendant states that the allegations in Paragraph 25 of the Complaint call for a legal conclusion to which no response is required and, to the extent a response is required, Defendant denies the allegations and inferences contained in Paragraph 25 of the Complaint.

26. Defendant states that the remaining allegations in Paragraph 26 of the Complaint call for a legal conclusion to which no response is required and, to the extent a response is required, Defendant denies the allegations and inferences contained in Paragraph 26 of the Complaint.

27. Defendant states that the allegations in Paragraph 27 of the Complaint call for a legal conclusion to which no response is required and, to the extent a response is required, Defendant denies the allegations and inferences contained in Paragraph 27 of the Complaint.

28. Defendant states that the allegations in Paragraph 28 of the Complaint call for a legal conclusion to which no response is required and, to the extent a response is required, Defendant denies the allegations and inferences contained in Paragraph 28 of the Complaint.

29. Defendant admits that Plaintiff was terminated as part of a reduction in force and the elimination of his job on or about July 3, 2023. Defendant denies the remaining allegations and inferences in Paragraph 29 of the Complaint.

30. Defendant denies the inferences in Paragraph 30 of the Complaint that Mr. Ciccotto's offer letter created an employment contract or that Mr. Ciccotto is entitled to any payment under such offer letter. Defendant denies the remaining allegations in Paragraph 30 of the Complaint.

31. Defendant states that the allegations in Paragraph 31 of the Complaint call for a legal conclusion to which no response is required and, to the extent a response is required, Defendant denies the allegations and inferences contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint. Defendant further denies that Mr. Ciccotto is entitled to any relief or damages sought whatsoever.

**AS TO "COUNT II"**
**(Unjust Enrichment)**

33. Defendant re-alleges and incorporates its responses to Paragraphs 1-23 of the Complaint as if set forth fully herein.

34. Defendant denies the allegations and inferences contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations and inferences contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint. Defendant further denies that Mr. Ciccotto is entitled to any relief or damages sought whatsoever.

**AS TO "COUNT III"**
**(Violation of Pennsylvania Wage Payment Law)**
**(PA ST 43 P.S. § 260.1)**

38. Defendant re-alleges and incorporates its responses to Paragraphs 1-23 of the Complaint as if set forth fully herein.

39. Defendant states that the allegations in Paragraph 39 of the Complaint call for a legal conclusion to which no response is required and, to the extent a response is required, Defendant denies the allegations and inferences contained in Paragraph 39 of the Complaint.

40. Defendant states that the allegations in Paragraph 39 of the Complaint call for a legal conclusion to which no response is required and, to the extent a response is required, Defendant denies the allegations and inferences contained in Paragraph 39 of the Complaint.

41. Defendant denies the allegations and inferences contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations and inferences contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations and inferences contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations and inferences contained in Paragraph 42 of the Complaint. Defendant further denies that Mr. Ciccotto is entitled to any relief or damages sought whatsoever.

## AS TO "COUNT IV"
### (Whistleblower Complaint (12 U.S.C. § 1831(J)))

45. Defendant re-alleges and incorporates its responses to Paragraphs 1-23 of the Complaint as if set forth fully herein.

46. Defendant states that the allegations in Paragraph 46 of the Complaint call for a legal conclusion to which no response is required and, to the extent a response is required, Defendant denies the allegations and inferences contained in Paragraph 46 of the Complaint.

47. Defendant is without knowledge or information sufficient to form a belief as to the allegations that Plaintiff reported anything to the OCC and/or Federal Reserve and/or participated in such reports and, therefore, denies them. Defendant states that the remaining allegations in Paragraph 47 of the Complaint call for a legal conclusion to which no response is required and, to the extent a response is required, Defendant denies the remaining allegations and inferences contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations and inferences in Paragraph 48 of the Complaint.

49. Defendant denies the allegations and inferences in Paragraph 49 of the Complaint.

50. Defendant denies the allegations and inferences contained in Paragraph 50 of the Complaint. Defendant further denies that Mr. Ciccotto is entitled to any relief or damages sought whatsoever.

## PRAYER FOR RELIEF

Defendant denies allegations in the WHEREFORE clause following Paragraph 50 of the Complaint or that Plaintiff can establish a violation of law or that he is entitled to any of the relief requested.

## GENERAL DENIAL

To the extent not expressly admitted herein, Defendant denies the allegations set forth in the Complaint.

## STATEMENT OF DEFENSES

1. Plaintiff has not asserted any claim against any Defendant upon which relief may be granted as a matter of fact and/or law.

2. All actions taken with respect to Plaintiff's employment were based on legitimate, non-retaliatory reasons which are not pre-textual and are unrelated to any protected activity, if any.

3. Defendant made good faith efforts to prevent retaliation in the workplace, and thus cannot be liable for the decisions of its agents, to the extent the challenged employment decisions were contrary to its efforts to comply with anti-retaliation statutes.

4. Plaintiff's claim of whistleblower relation is barred on the grounds that, even if any decision concerning Plaintiff were based in part on any protected activity, which they were not, Defendant would have reached the same decision, absent any consideration of such protected activity.

5. Plaintiff's claims are barred in that Defendant took all reasonable steps to prevent any harm to Plaintiff and promptly correct any purported unlawful conduct or practices in the workplace. To the extent Plaintiff unreasonably failed to take advantage of the preventative or

corrective opportunities provided by Defendant or to otherwise avoid harm. Defendant is not liable, and Plaintiff is barred from recovery.

6. Plaintiff cannot establish a retaliation claim because he cannot show his alleged adverse employment action, if any, was because he engaged in a protected activity or that the alleged protected activity was a contributing factor.

7. Plaintiff's claims or damages are barred or limited to the extent it is shown that Plaintiff engaged in misconduct prior to, during or in connection with his employment that otherwise would have resulted in his discharge if such conduct were known to Defendant.

8. As to Plaintiff's breach of contract claim, Plaintiff fails to state a claim upon which an award of attorney's fees can be granted.

9. As to Plaintiff's unjust enrichment claim, Plaintiff fails to state a claim upon which an award of attorney's fees can be granted.

10. As to Plaintiff's whistleblower retaliation claim, Plaintiff fails to state a claim upon which an award of attorney's fees can be granted. Plaintiff's claims for damages are subject to the limitations set forth in 12 U.S.C. § 1831j(c).

11. Plaintiff's whistleblower claim is barred, in whole or in part, by the doctrine of unclean hands, waiver, estoppel and/or ratification. Specifically, Plaintiff oversaw the alleged violations upon which his claims are based.

12. Plaintiff's whistleblower claim is barred because prior to the alleged protected activity, Plaintiff had submitted that Defendant was in compliance.

13. Plaintiff cannot recover on his unjust enrichment claim to the extent there is a purported written contract governing the parties' relationship.

14. Plaintiff's breach of contract claim is unenforceable for a lack of essential terms.

15. Plaintiff's breach of contract claim is unenforceable for lack of mutual assent or meeting of the minds.

16. Plaintiff's claims are barred, in whole or in part, as the alleged wages were not earned.

17. Plaintiff's claims are barred because all wage payments due and owing were made.

18. Plaintiff's claims for economic damages should be barred or limited by any after acquired evidence discovered by Defendant.

19. Plaintiff's claims for both liquidated and treble damages should be barred as they are unsupported by law.

20. Any wages allegedly owed to Plaintiff are the subject of a good faith dispute between Plaintiff and Defendants, and Plaintiff is not entitled to liquidated damages under the Pennsylvania Wage Payment and Collection Law.

21. Any alleged breach or non-payment of wages by Defendant was not willful or intentional.

22. To the extent that Plaintiff's offer letter is determined to be an employment contract for a three year term, which Defendant denies, Plaintiff's claims against Defendant are excused or otherwise barred in whole or in part because of Plaintiff's fraud, fraud in the inducement and/or misrepresentation.

23. To the extent that Plaintiff's offer letter is determined to be an employment contract for a three year term, which Defendant denies, Defendant asserts that its performance of such terms is excused by the doctrines of either mutual or unilateral mistake, because there was no meeting of the mind as to such terms.

24. At no time did Defendants violate any federal, state, or local law, rule, regulation,

or guidance.

25. Plaintiff's retaliation claims are barred, in whole or in part, because Defendants did not know, or have reason to know, of Plaintiff's alleged protected activity, if any. As a result, the alleged protected activity cannot be causally connected to the elimination of Plaintiff's position.

26. Plaintiff's whistleblower claim fails because Plaintiff's alleged concerns did not constitute protected disclosures as they were of *de minimis* significance.

27. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate the alleged damages.

28. Any damages Plaintiff suffered were not caused by or attributable to Defendant's act, practices or conduct, and were caused, in whole or in part, by Plaintiff's own conduct or that of third parties.

29. Venue is not proper in this district.

## **RESERVATION OF RIGHTS**

Defendants reserve the right to amend this Answer, to add, amend, or modify its defenses, and to add claims, as necessary, after a reasonable opportunity for discovery.

WHEREFORE, Defendant respectfully requests that this Court (i) enter judgment in its favor and against Plaintiff and (ii) grant such other relief as the Court deems just and proper,

DATED this 21st day of November, 2023.

        Respectfully submitted,

        JACKSON LEWIS P.C.
        Three Parkway
        1601 Cherry Street, Suite 1350
        Philadelphia, Pennsylvania 19102
        Telephone: (267) 319-7802

        JACKSON LEWIS P.C.
        390 North Orange Avenue, Suite 1285
        Orlando, Florida 32801
        Telephone: (407) 246-8440
        Facsimile: (407) 246-8441

By: */s/ Daniel L. Blanchard*
        Daniel L. Blanchard
        Pennsylvania Bar No. 311479
        Daniel.Blanchard@jacksonlewis.com

        Amanda A. Simpson (*pro hac vice forthcoming*)
        Florida Bar No. 0072817
        amanda.simpson@jacksonlewis.com

Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of November, 2023, the foregoing Defendant's Answer to Plaintiff's Complaint was filed using the Eastern District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record: V. Amanda Witts, v.awitts@mitchellsandler.com of MITCHELL SANDLER LLC, 1120 20thStreet, NW, Suite 725, Washington, D.C. 20036

        */s/ Daniel L. Blanchard*
        Daniel L. Blanchard

4894-2804-1359, v. 3